# UNIVERSITY OF UTAH v. INDUSTRIAL COMMISSION OF UTAH.

No. 4151.   Decided October 17, 1924.   (229 Pac. 1103.)

1. MASTER AND SERVANT—INDUSTRIAL COMMISSION HAD NO POWER TO ORDER UNIVERSITY TO PAY PREMIUMS.  In view of Comp. Laws 1917, § 3131, requiring collection of premiums payable into state insurance fund by civil action, in name of state, Industrial Commission had no power to order Utah University to pay premiums, on application in behalf of state insurance fund.

2. MASTER AND SERVANT—APPELLATE COURT ON WRIT OF REVIEW LIMITED TO DETERMINATION OF JURISDICTION AND PURSUANCE OF AUTHORITY OF LOWER TRIBUNAL.  Under Comp. Laws 1917, § 7383, appellate court on writ of review is confined to deter-

mining whether inferior tribunal had jurisdiction and regularly pursued its authority, and cannot review unauthorized decision of Industrial Commission that Universities is within the Workmen's Compensation Act.

3. MASTER AND SERVANT—INDUSTRIAL COMMISSION HAS POWERS ONLY AS EXPRESSED IN LAWS OR IMPLIED THEREFROM. Industrial Commission has limited powers, which must be found in express law, or necessary inference therefrom.

4. ACTION—COURTS HAVE NO POWER TO DETERMINE MOOT QUESTIONS. Courts of general jurisdiction have no power to decide abstract questions, or render declaratory judgments, in absence of actual controversy.

5. MASTER AND SERVANT—INDUSTRIAL COMMISSION'S DETERMINATION UNIVERSITY EMPLOYÉS WITHIN WORKMEN'S COMPENSATION ACT UNAUTHORIZED. On application by state insurance fund to Industrial Commission to require University to pay premiums, controversy whether University was liable for payment of premiums being beyond Commission's power to decide, its order that University employés were entitled to benefits of Workmen's Compensation Act, etc., was null.

Writ of review by University of Utah against the Industrial Commission of Utah to review order that the University was within the Workmen's Compensation Act, and liable for premiums.

ORDER ANNULLED.                                                    :

*Wm. H. Leary,* of Salt Lake City, for plaintiff.

*Harvey H. Cluff,* Atty. Gen., and *R. H. Judd,* of Salt Lake City, for defendant.

CHERRY, J.

This is a writ of review, sued out by the plaintiff, to test the validity of an order made by the Industrial Commission to the effect that the University was within the Workmen's Compensation Act (Comp. Laws 1917, §§ 3061-3165), and liable for premiums for insurance in the state insurance fund.

The manager of the state insurance fund demanded that the University of Utah pay into the state insurance fund the premium for state insurance, computed upon the remuneration paid to its employés. The University, contending that it is not within the Workmen's Compensation Act, refused to pay the premium demanded, whereupon an "application for adjustment of claim" entitled "*The State Insurance Fund*, Applicant, v. *The University of Utah*, etc.; Defendant," was filed with the Industrial Commission. After a hearing, the Industrial Commission concluded.

"That it does not have jurisdiction of this question in so far as making an order requiring payment of premiums is concerned, but that it does have jurisdiction to determine whether or not the classes referred to would be entitled to the benefits of the State Industrial Act, in case of personal injury or death, by reason of an accident arising out of or in the course of their employment with the University of Utah."

It further concluded that the employés of the University were within the Industrial Act, and made the following order:

"Whereupon the Commission holds that the employés referred to are entitled to the benefits of the State Industrial Act; that it is the duty of the state insurance fund to bill the University of Utah for the premium on the entire remuneration of these classes of employés of the University of Utah, and if need be to institute proceedings in a court of competent jurisdiction to enforce the collection and payment thereof.  *  *  *"

The obvious purpose of both parties to the proceeding, as disclosed by their respective briefs and arguments, is to obtain a decision of this court as to whether or not the University is an employer within the meaning and subject to the provisions of the Workmen's Compensation Act. But we think this review is ended before that question is reached. Comp. Laws Utah 1917, § 7383, provides that upon a writ of review the review cannot be extended further than to determine whether the inferior tribunal has regularly pursued its authority. The first inquiry is therefore whether or not the Industrial Commission had any jurisdiction or authority in the proceeding before it, to make any order at all. If

it be found that no such authority existed, the review is ended, and it is of no consequence whether the order made was abstractly right or wrong.

If the commission had power to order the payment of insurancee premiums into the state insurance fund, the question of whether the University was within the **1, 2** Workmen's Compensation Act would be a proper subject for determination. But no such power is or can be asserted. The act itself prescribes that such premiums are to be collected by civil action in the proper court, in the name of the state. Comp. Laws Utah 1917, § 3131.

What controversy, cognizable by the Commission, was presented by the proceedings brought before it? The Industrial Commission is a tribunal of limited authority. Its power in any case must be found in express law **3** or necessary inference therefrom. There is nothing in the laws of this state conferring the power or authority assumed upon the Industrial Commission, or from which it can be inferred. Even courts of general jurisdiction have no power to decide abstract questions or to render declaratory judgments, in the absence of an actual controversy directly involving rights.

In *California* v. *San Pablo & T. R. Co.*, 149 U. S. 308, 314, 13 S. Ct. 876, 878, 37 L. Ed. 747, 748, the court said:

"The duty of this court, as of every judicial tribunal, is limited to determining rights of persons or of property, which are actually controverted in the particular case before it. When, in determining such rights, it becomes necessary to give an opinion upon a question of law, that opinion may have weight as a precedent for future decisions. But the court is not empowered to decide moot questions or abstract propositions, or to declare, for the government of future cases, principles or rules of law which cannot affect the result as to the thing in issue in the case before it. No stipulation of parties or counsel, whether in the case before the court or in any other case, can enlarge the power, or affect the duty, of the court in this regard."

The application for compensation by an employé of the University, for an injury by accident arising out of his employment, would properly present to the Commission for decision the question attempted to be **4**

put in issue here; but in advance of such an actual case the Commission is without authority to consider or determine the question.

It is plain that the only real controversy existing between the parties is whether or not the University is liable under the law for the payment of insurance premiums, computed upon the remuneration of its employés, to the state insurance fund. It is conceded that the Industrial Commission has no power to decide the question . This concession makes an end of this proceeding. The order made by the Commission that the employés of the University were entitled to the benefits of the Workmen's Compensation Act., etc., is a mere nullity and has no legal effect. And it cannot form the basis of a review of the question in this court. The merits of an order made by an inferior tribunal, without authority, cannot be determined by a writ of review.

The proceedings brought before the Commission were wholly irregular and unauthorized, and did not invoke the exercise of any lawful authority of the Commission. The Commission had no jurisdiction or power to make any order in the proceedings before it at all, and in presuming to determine that the employés of the University are entitled to the benefits of the State Industrial Act, and that the University is liable to the state insurance fund for insurance premiums, it acted in excess of its legal powers.

It follows that the orders of the Industrial Commission referred to should be and are annulled.

WEBER, P. J.., and GIDEON, THURMAN, and FRICK, JJ., concur.