[Civil No. 2809.   Filed March 23, 1931.]

[297 Pac. 452.]

THE INDUSTRIAL COMMISSION OF ARIZONA, Appellant, v. THE ARIZONA POWER COMPANY, a Corporation, Appellee.

Mr. K. Berry Peterson, Attorney General, and Mr. H. A. Elliott, Special Counsel, for Appellant.

Messrs. Cornick & Crable, for Appellee.

ROSS, J.—The appellee, Arizona Power Company, has filed a motion for rehearing. The writer erroneously stated in the opinion that the two letters from which we quoted were exchanged after the insurance period. Counsel in their motion have pointed out, and correctly, that the letter from the power company to the commission was dated August 31st and the Commission's answer thereto was dated September 2, 1926, or during the period of insurance. This difference it is said requires a decision in favor of appellee.

The letters were introduced in evidence to show the construction placed upon the contract by the parties thereto. That being the purpose, it can make no difference whether they were exchanged during the insurance period or after the expiration of that period. They were in either case exchanged after the contract of insurance was executed by the commission and accepted by the Power Company. Our observations in the opinion concerning such letters still hold good. In addition thereto, however, we will say that to give the letters the effect contended for would not only violate the plain and unambiguous terms of the contract but lead to a ridiculously absurd result. Such result is summed up in a letter from the power company to the commission dated January 7, 1927, after the expiration of the insurance period, as follows:

"Payments made by your Commission to injured employees of this company for the year 1926, will

amount to approximately $100.00 to which your Commission is to add 15% for overhead. In round figures this will make a total of $115.00. We, therefore, assume that we shall receive a refund of approximately $4,000.00."

In other words, the power company, if its contention be upheld, would have received indemnity against its entire compensation liability for the period from August 20 to December 31, 1926, for the insignificant sum mentioned, upon a pay-roll of $200,000 per annum, while the state compensation fund would have paid and assumed liabilities for the power company amounting to over $16,000. This would mean a loss to the compensation fund of over $15,000.

The Compensation Act (chapter 83, Laws 1925, Rev. Code of 1928, art. 5, chap. 24, §§ 1391–1457) requires that the compensation fund "shall ultimately be neither more nor *less* than self-supporting." (Italics ours.) Section 32 (section 1413). The insured was bound to know this was the law and to know that the commission had no power or authority to give it insurance for a mere nominal sum and at a great loss.

Appellee's motion for a rehearing is denied.

The appellant, the Industrial Commission of Arizona, also has filed a motion asking this court to fix and tax against the Power Company an attorney's fee, and to specify the rate of interest to be charged on the judgment. In the Compensation Act, section 56 (section 1427), it is provided:

"In the event any employer shall fail to pay to the state compensation fund or to any insurance company, authorized to do business in this state, the premium, when the same shall become due, and suit shall be instituted to recover such premium, the prevailing party shall be entitled to a reasonable attorney's fee to be fixed by the court."

It is enough to say (1) that this court has no original jurisdiction over the question of attorney's fees, and (2) that the commission in its complaint did not pray for attorney's fees.

This request is therefore denied.

It is also provided in the Compensation Act, section 64 (section 1434):

"If any employer shall default in any payment required to be made by him to the state compensation fund, or the accident benefit fund, the amount due from him with interest thereon at the rate of 12 per cent. per annum shall be collected by civil action against him in the name of the commission as plaintiff. . . . "

The prayer of the complaint was for $12,421.38, with interest thereon from the first day of March, 1927, and for costs. The direction in the opinion was that judgment be entered in accordance with this prayer. We think the prayer and the direction should be construed as in accordance with the above provision of the Compensation Act and that, therefore, the rate of interest should be 12 per cent. This provision of the statute was, in contemplation of law, incorporated into the contract; it was a part of the contract.

With these explanations, the opinion heretofore rendered will stand.

McALISTER, C. J., and LOCKWOOD, J., concur.