212 P.2d 994

O'NEILL et al. v. MARTORI et al.

No. 5203.

Supreme Court of Arizona.

Dec. 27, 1949.

H. S. McCluskey, Phoenix, attorney for appellant The Industrial Commission of Arizona, Robert E. Yount, Phoenix, and Donald J. Morgan, Phoenix, of counsel.

Jennings, Strouss, Salmon & Trask, J. A. Riggins, Jr., Henry S. Stevens, Rex H. Moore, Phoenix, attorneys for appellees.

UDALL, Justice.

The Industrial Commission of Arizona (appellant-defendant) has appealed from a judgment of the Superior Court of Maricopa County in which the court set aside and vacated certain findings of fact and orders theretofore entered by the Commission in re policy No. 12452 issued to appellees, Martori Bros., Distributors.

The appellees (plaintiffs below), a co-partnership, are growers and shippers of

agricultural products and as such are employers subject to the Arizona Workmen's Compensation Act. A.C.A. 1939, § 56-901 et seq. Their agricultural operations were fully covered by a continuing policy of insurance (0006 classification) issued to them by the Commission some three years prior to the commencement of this action. The Commission, being dissatisfied with pay roll reports submitted and premiums paid by appellees, made an investigation of their books whereupon it issued an order, dated December 17, 1947, assessing additional premiums in the sum of $11,761.23 against said employer. These premiums were assessed upon the theory that the employer had in its employ additional employees whose wages had not been reported for premium purposes. The employer denied that it was liable for this additional premium, insisting that the pay roll used by the Commission was made up of employees of independent contractors who were expressly excluded from coverage under the terms of the policy of insurance. The issue, therefore, was whether the pay roll classifications used were those of its employees or the employees of independent contractors.

The employer resisted the order and under the provisions of Section 56-908, A.C.A. 1939, moved for a rehearing asserting that the Commission had exceeded its jurisdiction. A hearing was granted and certain minor items of the billing were eliminated, following which the Commis-

sion, on April 30, 1940, reaffirmed its previous order, entered a further order demanding payment of premium and made findings of fact and an order in relation thereto. Appellees, on May 13, 1948, commenced an action in the Superior Court to vacate both of said orders; the Commission filed an answer and the parties then stipulated that the cause should be submitted to the Court for decision upon the pleadings and the transcript of the record as heretofore submitted to the Superior Court and filed in the cause by the defendants, together with the supplemental record filed in said cause by the defendants. After the matter had been fully briefed and argued, judgment was entered for appellees, setting aside the Commission's findings and orders. This appeal followed.

The rather voluminous record presented to the Superior Court consisted of the Commission's complete file, including the transcript of the testimony of the only three witnesses interrogated, i.e., Joseph Martori and Frank Condello, two members of the partnership, and Paul E. Plummer, an auditor and investigator for the Commission. Both the trial court and the Commission had the benefit of numerous pronouncements of this court as to the proper legal tests to apply in distinguishing independent contractors from employees, Industrial Commission v. Meddock, 65 Ariz. 324, 180 P.2d 580, and Blasdell v. Industrial Commission, 65 Ariz. 373, 181 P.2d 620, being two of the latest decisions. We see no

occasion to either restate these legal principles or to set out at length the evidence adduced at the hearing.

The Commission takes the position that it had the right to, and did, reject the testimony of the employer that the persons for whom the Commission is now claiming the additional premiums were employees of independent contractors. It asserts that its findings, conclusions of law and orders were based upon the statutes, rules and orders of the Corporation Commission, rules incorporated in its policy of insurance, the testimony of its auditor, its audit reports, certain claims for compensation benefits theretofore paid under said policy, and the reasonable inferences to be drawn from the whole thereof. It contends that the findings of fact of the Commission, if supported by competent evidence, must be affirmed by the Superior Court unless the trial court can say as a matter of law that the findings and the order of the Industrial Commission are unreasonable and unlawful and without reasonable support in the evidence, regardless of the fact that the Court may entertain different views as to the weight of the evidence. Obviously the Commission is seeking to invoke the rule used by us in deciding the validity of its awards in compensation cases.

Appellees, on the other hand, maintain that the evidence shows, if not conclusively at least by a great preponderance, that the relationship between the appellees and the persons for whom premiums are now claim-

ed due was not that of employer-employee, but that of an independent contractor. Under such circumstances appellees assert that the Superior Court in this statutory proceedings is not bound by any presumption as to the correctness of the Commission's findings, but is at liberty to decide the matter in accordance with its own best judgment as to the evidence presented. The question presented then is whether, when the validity of an "order" of the Commission is involved, the judgment of the Commission, or the judgment of the trial court shall control. This presents a question of first impression in this jurisdiction. The answer to the problem must necessarily be found in an interpretation of our own statutes.

Before setting forth and considering the statutes it might be well to point out that there is a well recognized distinction between an "order" of the Commission, such as that involved in the instant case, and an "award". The latter term, as defined by Section 56-930, A.C.A.1939, is applied to the finding or decision of the Commission of the amount of compensation or benefit due an injured employee or the dependents of a deceased employee, while an "order", within the meaning of that word as used in Sections 56-907, 56-908, 56-914 and 56-916, A.C.A.1939, is defined by Section 56-930, supra, as

" * * * 'Order' shall mean and include any rule, regulation, direction, re-

quirement, standard, determination or decision of the commission; * * *."

See Murphy v. Industrial Commission, 52 Ariz. 343, 80 P.2d 960, for a good discussion of the distinction. Furthermore the method of obtaining a court review is entirely different. An "award" is reviewable only through certiorari proceedings initiated in the Supreme Court. Section 56-972, A.C.A.1939. In such proceedings we have universally followed the rule that findings of the Industrial Commission are to be given the same consideration as those of a jury or the trial court, and when there is reasonable evidence to support the Commission's award, or facts are such that reasonable men might draw either of two inferences therefrom, the Commission's findings must be sustained, but where there is no evidence to support the Commission's findings or conclusions or where they are clearly erroneous they will be reversed. Blasdell v. Industrial Commission, supra; Federal Mutual Liability Ins. Co. v. Industrial Commission, 31 Ariz. 224, 252 P. 512. Whereas with an "order", Section 56-914, supra provides:

"*Action to vacate orders, procedure.*— Any person in interest, dissatisfied with an order of the commission, may commence an action in the superior court of the county where the property, plant or place of employment affected by such order may be situate, against the commission as defendant, to set aside, vacate or amend such order, on the ground that the order is unreasonable or unlawful, and the superior court shall have exclusive jurisdiction thereof. The commission shall be served with summons as in civil actions. The answer of the commission shall be filed within ten (10) days after the service of summons upon it, and with its answer it shall file a certified transcript of its record in said matter, whereupon the action shall be at issue, and shall be advanced for trial by the court, upon the application of either party, to the earliest possible date."

The next section, 56-915, supra, provides for a stay of court proceedings when the Commission has not determined all of the issues. It reads:

"*Stay of court proceedings when commission has not determined issues.*—If, upon the trial, it appears that all issues arising in such action have not theretofore been presented to the commission in the petition for a hearing as to the reasonableness and lawfulness of the order, or that the commission has not theretofore had ample opportunity to hear and determine any of the issues raised in said action, or has not in fact heard and determined the issues raised, the court shall, before rendering judgment, unless the parties stipulate to the contrary, transmit to the commission a full statement of such issues not adequately considered, and shall stay further proceedings in such action for fifteen (15) days from the date of such transmission, and may thereafter grant such further stay as may be necessary. Upon the re-

ceipt of such statement, the commission shall consider the issues not theretofore considered, and may alter, modify, amend or rescind its order complained of, and shall, within ten (10) days from the receipt of the statement, report its order thereon to said court. The court shall thereupon order the pleading to be so amended as to raise the issues resulting from such alteration, modification, amendment or rescission of the commission's order, and thereafter proceed as in other civil actions."

There are but few reported decisions in Arizona directly interpreting these sections. See Murphy v. Industrial Commission, supra; Holmes v. Osborn, 57 Ariz. 522, 115 P.2d 775, and Industrial Commission v. Meddock, supra. In the latter case the precise question here presented, i. e., of the Superior Court substituting its opinion of the status of certain workers for that of the Commission, was squarely raised but not directly answered. The trial court had overridden the Commission and we reversed its decision because upon the whole record we held that the only reasonable conclusion to be reached was that the so-called independent contractors were in fact employees of the appellee. Such a conclusion can not be drawn from the record in the instant case. The most that can be said is that the evidence and the inferences to be drawn therefrom are conflicting. Normally on an appeal in such a situation the judgment of the trial court should be affirmed. Did the legislature intend by the enactment of Sections 56-914 and 56-915, supra, that a different rule should apply in this type of case? We think not. It is our view that when an "order" of the Commission is called in question by a person in interest the Commission as a defendant stands in no different position than any other litigant, and the Superior Court is not bound to accept the Commission's evaluation of the evidence. This proceeding is not an appeal in any sense of the word but is an original proceeding filed in the Superior Court wherein the Industrial Commission is a defendant litigant stripped of its quasi judicial vestments and power, and in its nakedness it must meet the issues of fact in the same manner as any other party litigant. It will be noted that the Commission shall be served with summons as in civil actions; an answer is required to be filed with a certified copy of its record in said matter; whereupon the action shall be at issue and shall be advanced *for trial* by the court to the earliest possible date. It seems apparent to us that the legislature did not propose to make the court subservient to the Commission by limiting its powers in ascertaining the lawfulness or reasonableness of the Commission's orders. Had such been the intention the legislative body would doubtless have made such a limitation clear. The Commission lays great stress upon the provision that it must file a certified copy of its record with the Superior Court, and it asks why the court is required under Sec-

tion 56-915 to refer the matter back to the Commission on any issue that has not been passed upon by it? Might not the answer be that the legislature proposed to first give the Commission a chance to correct errors of law or fact on all issues before the case can reach the courts? In an analogous situation this court in Federal Mutual Liability Ins. Co. v. Industrial Commission, supra, in discussing the matter as to whether we would review a question not previously presented to the Commission for decision at its hearing, said [31 Ariz. 224, 252 P. 514]:

" * * * Nothing could be more calculated to defeat a correct and speedy application of its principles than to allow an appellant to raise in the courts issues which the commission had no opportunity of passing on. * * * "

The Commission not only determined by audit the amount of premiums claimed due but went a step further and by an "order" demanded the payment within thirty days, stating that unless this was done its policy would be suspended and any awards made in favor of appellees' employees would be charged to the employers and the commission subrogated to all rights of the employee under the terms of the award. Appellees stoutly maintain that the law gives the Commission no authority to collect premiums in any such summary manner, that the proper and exclusive remedy, if in fact the appellees were delinquent in the payment of lawful premiums, is by filing of a civil suit. Reliance is had upon the following statutes:

"Sec. 56-937. * * * If any employer fails to pay to the state compensation fund or to any insurance company, authorized to do business in this state, the premium, when the same becomes due, *and action be instituted to recover such premium,* the prevailing party shall be entitled to a reasonable attorney's fee to be fixed by the court." (Emphasis supplied.)

"Sec. 56-948. *Lien for payments created —priority and foreclosure thereof—Action for payments due commission.*—If an employer default in any payment required to be made by him to the state compensation fund, or the accident benefit fund, the amount due, with interest thereon at twelve (12) per cent per annum, *shall be collected by civil action against him in the name of the commission as plaintiff* and the same when so collected shall be paid into the state compensation fund, or accident benefit fund. * * * " (Emphasis supplied.)

The only reported case in this jurisdiction where this statutory method was invoked to collect premiums by suit is Industrial Commission v. Arizona Power Co., 37 Ariz. 425, 295 P. 305; on rehearing 38 Ariz. 44, 297 P. 452. However in the case of West Chandler Farms Co. v. Industrial Commission, 64 Ariz. 383, 173 P.2d 84, 90, the court said:

" * * * The fact that the petitioner employer failed to pay premiums on com-

pensation of Trout and his employees does not legally prejudice the commission. It has the undoubted right to collect all unpaid premiums. Sections 56-925 and 56-937. * * *"

It seems to be too clear for argument that this is the exclusive remedy to enforce collection of delinquent premiums. The Commission's authority, being wholly statutory, must be exercised in conformity with the statute. To hold otherwise and sanction the method pursued in the instant case would permit the Commission to be the plaintiff, judge and jury in the matter of collecting premiums. Such is not the intent of the law.

The Supreme Court of Utah in the case of University of Utah v. Industrial Commission, 64 Utah 273, 229 P. 1103, 1105, in considering a somewhat similar situation, pointed out that the act itself (after which our act is patterned) prescribed that premiums are to be collected by civil action, and that hence the Commission had no power to short-cut by "ordering" their payment. We quote the following excerpt from this opinion:

"The proceedings brought before the Commission were wholly irregular and unauthorized, and did not invoke the exercise of any lawful authority of the Commission. The Commission had no jurisdiction or power to make any order in the proceedings before it at all, and in presuming to determine that the employes of the University are entitled to the benefits of the State Industrial Act, *and that the University is liable to the state insurance fund for insurance premiums, it acted in excess of its legal powers.*" (Emphasis supplied.)

The Commission having exceeded its jurisdiction in issuing the "orders" in question, the lower court's judgment vacating and setting them aside was in all respects proper.

Judgment affirmed.

LA PRADE, C. J., and STANFORD, PHELPS, and DE CONCINI, JJ., concurring.