265 P.2d 442

**WINSLOW GAS CO.**
**v.**
**SOUTHERN UNION GAS CO. et al.**
No. 5524.

Supreme Court of Arizona.
Jan. 11, 1954.

Snell & Wilmer, by Edward Jacobson, Perry M. Ling and Mark Wilmer, Phoenix, and C. D. McCauley, Winslow, for appellants.

Evans, Hull, Kitchel & Jenckes, by Norman S. Hull and John E. Madden, Phoenix, W. E. Ferguson, Holbrook, Favour & Quail, Prescott, C. B. Wilson, Flagstaff (Willis L. Lea, Jr., Dallas, Tex., of counsel), and for appellee Southern Union Gas Co.

John P. Clark, City Atty., Winslow (Dennis J. Sweeney, Winslow, of counsel), for appellee City of Winslow.

Urban R. Miller, Town Atty., Williams, for appellee Town of Williams.

Orrin C. Compton, City Atty., Flagstaff, for appellee City of Flagstaff.

WINDES, Justice.

Herein the facts are identical with those stated in No. 5561, Arizona Public Service Co. v. Southern Union Gas Company, 76 Ariz. 373, 265 P.2d 435, except that appellant herein, Winslow Gas Company, at the time the certificate of convenience and necessity was issued to Southern Union Gas Company, had such a certificate which had theretofore been issued to its predecessor in interest authorizing it as a public service corporation to operate a gas utility business in the city of Winslow and the territory adjacent thereto.

In issuing Southern its certificate the Arizona Corporation Commission found there was no natural gas service in Winslow or elsewhere in Navajo County; that the distribution thereof would benefit these communities and that Southern was qualified to render such service. Except as herein stated reference is made to cause No.

5561 for a statement of the facts and the controlling principles of law.

Herein appellant Winslow Gas Company contends that the decision of the corporation commission in granting Southern its certificate of convenience and necessity is void for the reason that it is contrary to our public policy of controlled monopoly as announced in Corporation Commission of Arizona v. People's Freight Line, 41 Ariz. 158, 16 P.2d 420. Therein this court held that since the undisputed facts showed affirmatively that a carrier having a certificate was rendering service ample in quality and satisfactory in character, it was unreasonable and an abuse of discretion on the part of the commission to issue a competing certificate. That case did not hold that the commission had no jurisdiction to decide whether the public convenience and necessity required a competing certificate. Herein there was no natural gas service in Winslow and if appellant thought the commission abused its discretion in allowing Southern to engage in the distribution thereof, its remedy is found under the provisions of sections 69–248 and 69–249, A.C.A.1939, and not having pursued such remedy, the commission's decision thereon is conclusive under the provision of section 69–247, A.C.A.1939.

Judgment is affirmed.

PHELPS, C. J., and STANFORD, LA PRADE and UDALL, JJ., concur.