607 P.2d 391

**Alice Patricia HURST,
Plaintiff/Appellant,**

v.

**BISBEE UNIFIED SCHOOL DISTRICT
NO. TWO, Defendant/Appellee.**

No. 2 CA–CIV 3234.

Court of Appeals of Arizona,
Division 2.

Dec. 28, 1979.

Rehearing Denied Feb. 6, 1980.
Review Denied Feb. 26, 1980.

John William Lovell, Tucson, for plaintiff/appellant.

Beverly H. Jenney, Cochise County Atty. by Robert M. Jarrett, Jr., Bisbee, DeConcini, McDonald, Brammer, Yetwin & Lacy, P. C. by William B. Hanson, Tucson, for defendant/appellee.

## OPINION

HOWARD, Judge.

This is an appeal from the trial court's dismissal of an appeal by appellant, a tenured teacher, and dismissal of certain portions of her amended complaint. The issues to be decided are: (1) Did the trial court err in finding that appellant failed to timely appeal and that the time requirement was jurisdictional? (2) Was an appeal her exclusive remedy?

Appellant, Alice Patricia Hurst, was a tenured teacher employed by the Bisbee Unified School District # 2. As a result of an alleged incident in her classroom, appellant was notified that her presence was required at a March 9, 1978 meeting of the board of trustees. Appellant attended the meeting but left after being informed that a representative of the Arizona Education Association would not be allowed to represent and speak to her.

Another meeting was scheduled for March 17. Appellant attended with her attorney. She was told that the purpose of the meeting was to explore and investigate her conduct in the classroom. Her attorney attempted to persuade the board that he had a right to speak for and represent her in all communications with the board. He refused to allow her to speak directly with the board and when it became evident that the board intended to talk directly with her, he advised her to leave the meeting. Her decision to leave came after the board had explained to her and her attorney that such action would be considered insubordination.

On March 20, 1978, the board of trustees approved a motion to dismiss appellant for insubordination and to give her notice of its intention to take such action. On the same date, appellant was given written notice of the board's intention to dismiss her on the grounds of insubordination.

Pursuant to A.R.S. Sec. 15–253 appellant demanded a hearing in front of a dismissal hearing commission. On May 3, the commission convened. The board of trustees sat throughout the entire hearing and several members were called as witnesses to testify about appellant's conduct at the March 9 and 17 meetings.

On June 12, 1978, the commission submitted its findings of fact, determination of issues and recommendation that the dismissal of appellant was unwarranted under all the circumstances and that less severe disciplinary action be considered by the board.

On June 19, 1978, the board met to consider the commission's report. Appellant's attorney was allowed to address the board and present arguments. The board accepted the commission's findings of fact and determination of issues but rejected its recommendation. The board voted that appellant be dismissed. Notice of termination was received by appellant on June 22, 1978.

A notice of appeal from the board's decision was filed in the Cochise County Superior Court on August 14, 1978. A separate complaint was filed by appellant against the appellee on the same day. This complaint was subsequently amended to also allege special action relief.

## TIMELINESS OF THE APPEAL

A.R.S. Sec. 15–264 provides:

"The decision of the governing board may, on appeal of a continuing teacher, be reviewed by a court of competent jurisdiction in the same manner as the decision made in accordance with the provisions of 41–785. . . ."

A.R.S. Sec. 41–785(D) provides:

"D. Within thirty days after the recording of the order and the mailing thereof, the employee may appeal to the superior court of the county of residence on one or more of the following grounds, that the order was:

1. Founded on or contained error of law which shall specifically include error of construction or application of any pertinent rules.

2. Unsupported by any evidence as disclosed by the entire record.

3. Materially affected by unlawful procedure.

4. Based on violation of any constitutional provision.

5. Arbitrary or capricious."

Since the board's order was filed and mailed on June 21, 1978, the last day for filing the appeal with the superior court was July 21, 1978. The appeal was filed 24 days late.

Appellant presented below the affidavit of her attorney's secretary which stated that the appeal was placed in the mail on July 6, 1978. Appellant contends the statutes pertaining to appeal are uncertain and that the time prescribed for appeals from administrative decisions is not jurisdictional. Her vagueness argument is based on the language of A.R.S. Sec. 15–264 which states that the decision of the board may be reviewed, ". . . *in the same manner* as the decision made in accordance with the provisions of § 41–785." (Emphasis added). It is appellant's position that the phrase "in the same manner" does not include time limits. We do not agree. Whether the word "manner" shall be construed as including, not only the way or mode of doing a thing, but also the time for doing it, depends upon the intention of the lawmakers, to be gathered from the context, that is, the "manner" of doing a thing and the "time" of doing it are distinct things and ordinarily the word "manner" will not be construed as including the element of "time", unless it shall appear from the context that the lawmakers intended that it should. *Moore v. City Council of Los Angeles*, 58 Cal.App. 555, 209 P. 64 (1922); *James v. Chapman*, 50 Wyo. 210, 58 P.2d 439 (1936). We believe the legislature intended the thirty day limit to apply to appeals by continuing teachers and did not intend to give the teacher an indefinite time within which to appeal.

■ Appellant contends that the case of *Matanuska-Susitna Borough v. Lum*, 538 P.2d 994 (Alaska 1975) is on all fours with the case sub judice and supports her position that the time limits in A.R.S. Sec. 41–785 are not jurisdictional. In *Matanuska* the court said that the legislature had not set forth any time period for an appeal from school board decisions and that Alaska's administrative procedure act by its express terms did not apply to local school boards. Furthermore, there was no court rule in existence at the time which governed the time within which to appeal from administrative rulings. There is dicta in the case that in Alaska failure to file an appeal within statutory time limitations does not create a jurisdictional defect. This is clearly not the law in Arizona where perfecting of an appeal within the time prescribed is jurisdictional. *Edwards v. Young*, 107 Ariz. 283, 486 P.2d 181 (1971). *Matanuska* is not on point.

Appellant also relies on the case of *Reddell v. Industrial Commission*, 111 Ariz. 313, 528 P.2d 1254 (1974) for the proposition that the 30-day requirement is not jurisdictional. We do not believe that *Reddell* is apposite. There the court was dealing with the filing of an appeal with an administrative body, namely the industrial commission and not with the court, and, the industrial commission already had jurisdiction of the matter. Furthermore, it is clear that because of their nature, industrial commission cases are treated differently than others in the State of Arizon. See, *Parsons v. Bekins Freight*, 108 Ariz. 130, 493 P.2d 913 (1972); *In re Trull*, 21 Ariz.App. 511, 520 P.2d 1188 (1974).

Arizona has held that the time limits prescribed for an appeal from an administrative agency are jurisdictional. *Arizona Corporation Commission v. Catalina Foothills Estates*, 78 Ariz. 245, 278 P.2d 427 (1954). New Mexico, in the cases of *Brown v. New Mexico State Board of Education*, 83 N.M. 99, 488 P.2d 734 (1971); *Board of Education, Penasco Independent School District No. 4 v. Rodriguez*, 77 N.M. 309, 422 P.2d 351 (1967) held that the failure to timely perfect an appeal from a school

board decision deprived the court of jurisdiction to hear the appeal.

The statutes dealing with teacher tenure create a special procedure for the protection of personal rights which must be strictly followed and the failure to comply therewith forfeits whatever rights the law was intended to protect. *Tempe Union High School Dist. v. Hopkins*, 76 Ariz. 228, 262 P.2d 387 (1953). The trial court correctly dismissed the appeal.

## THE EFFECT OF THE FAILURE TO FILE A TIMELY APPEAL

Appellant's amended complaint and petition for special action alleged the school district abused its discretion in terminating her without cause; denied her due process of law because it was not impartial; and wrongfully refused to renew her contract which was automatically renewed for the school year 1978–79. In her prayer for relief she asked for a writ in the nature of mandamus ordering the school district to allow her to teach for the year 1978–79 and to pay her the appropriate salary. She also asked for compensatory damages for deprivation of her constitutional rights together with punitive damages.[1]

The trial court found that appellant's contract was not automatically renewed; that she was properly terminated on June 21, 1978 and that she was entitled to her pay through June 21. All other claims were dismissed.[2]

As for the requested relief in the nature of mandamus, mandamus does not lie to correct errors in an appealable judgment and cannot be used as a substitute for the ordinary channels of appeal. *Rosenberg v. Arizona Board of Regents*, 118 Ariz. 489, 578 P.2d 168 (1978).

Since there was no appeal, the decision of the board was res judicata. *Campbell v. Superior Court*, 18 Ariz.App. 287, 501 P.2d 463 (1972). The only method of attack available here is by the appeal provided by statute. *Campbell v. Superior Court,* supra; *County of Beaver v. Commw. Public Utility Comm'n*, 369 A.2d 509, 28 Pa.Cmwlth. 511 (1977). See also *Winslow Gas Co. v. Southern Union Gas Co.*, 76 Ariz. 383, 265 P.2d 442 (1954).

No timely appeal having been taken, the decision of the board is conclusively presumed to be just, reasonable and lawful. *Industrial Commission v. J. & J. Construction Co.*, 72 Ariz. 139, 231 P.2d 762 (1951). This principle applies even to alleged constitutional errors which might have been corrected on proper application to the court which has jurisdiction of the appeal. *Small v. Gartley*, 363 A.2d 724 (Me.1976). Appellant's alleged claims of denial of constitutional rights are no more than a collateral attack on the board's decision and are precluded by her failure to appeal.

## THE AUTOMATIC RENEWAL

Appellant contends that since she was not dismissed by April 15, 1978, her contract for the school year 1978–79 was automatically renewed, that she could not be discharged thereafter, and that she is entitled to her entire salary for the school year 1978–79. The issue of whether or not the board properly terminated appellant on June 21 could have been presented in an appeal. Since she did not appeal she is precluded from raising it in a separate suit. *Industrial Commission v. J. & J. Construction Co.*, supra.

Even if we concluded that the issue of automatic renewal could not have been raised in the appeal, the trial court must be affirmed.

A.R.S. Sec. 15–252(A) states:

"Subject to the provisions of §§ 15–253, 15–254, 15–255 and 15–257, the governing

1. For the first time appellant asserts on appeal that the action of the school board deprived her of her First Amendment rights to freedom of expression. This is based on the contention that her walking out of the meetings was a form of expression.

2. Although the court granted a motion to dismiss, matters outside the pleadings were considered making it in the nature of a motion for summary judgment.

board shall, between March 15 and May 15, offer a teaching contract for the next ensuing school year to each probationary teacher and a contract renewal for each continuing teacher under a contract of employment with the district for the current school year, unless, on or before April 15, the governing board, a member thereof acting on behalf of the board, or the superintendent of the school district, gives notice to the probationary teacher of the board's intention not to offer a teaching contract or renewal thereof or in the case of a continuing teacher, unless such a teacher has been dismissed pursuant to this article. . . . "[3]

A.R.S. Sec. 15-253(A) provides that before the governing board can dismiss a continuing teacher, it must give notice of its intention to dismiss the teacher at the expiration of 30 days from the service of the notice. A.R.S. Sec. 15-253(D) allows the continuing teacher to file a written request for a hearing within 30 days of the receipt of the notice and provides that "[t]he filing of a timely request shall suspend the dismissal procedure pending completion of the hearing."

A.R.S. Sec. 15-262 provides for a hearing before a commission within 30 days from the date of the filing of the request for the hearing. The commission is required to make written findings of fact, determine the issues and recommend either that the teacher be dismissed or not dismissed. These findings are then reviewed by the governing board which then takes its action.

The commission did not meet until May 3, 1978, after the April 15 deadline. It did not render its findings until June 12, 1978. Under A.R.S. Sec. 15-253(D) she could nct have been dismissed prior to June 12, 1978.

▪ If a literal interpretation of the language of a statute leads to an absurd result it is the duty of the court to construe it, if possible, so that it is a reasonable and workable law. *City of Phoenix v. Superior Court*, 101 Ariz. 265, 419 P.2d 49 (1966). Where, as here, the conduct which comprises the ground for dismissal occurs so close to April 15 as to bring into play the time frame set forth in the applicable statutes and the teacher prevents timely dismissal by requesting a hearing to interpret A.R.S. Sec. 15-252 as prohibiting a dismissal would produce the absurdity of giving teachers what could be a license for misconduct.

Affirmed.

RICHMOND, C. J., and HATHAWAY, J., concur.

---

**3.** By amendment effective September 3, 1978, the following was added to the statute:

"B. If dismissal proceedings in reference to a continuing teacher could not have been completed by April 15 through no fault of the governing board or superintendent, or if the incidents relied on in whole or in part occurred after April 15, dismissal proceedings may continue or be initiated."