659 P.2d 1305

**Michael SMITH, Appellant,**

v.

**ARIZONA DEPARTMENT OF CORRECTIONS, Appellee.**

**No. 2 CA–CIV 4181.**

Court of Appeals of Arizona, Division 2.

Nov. 22, 1982.

Rehearing Denied Jan. 17, 1983.

Review Denied March 1, 1983.

---

Charles L. Weninger, Tucson, for appellant.

Robert K. Corbin, Atty. Gen. by Alexander G. Duncan, III, Asst. Atty. Gen., Tucson, for appellee.

## OPINION

HATHAWAY, Judge.

The sole issue on this appeal is whether the superior court lacked jurisdiction over the subject matter of the appellant's appeal because he failed to timely file his notice of appeal in the time specified by A.R.S. § 41–785(D). Appellant contends that five days were added to the period of appeal by Rule 6(e), Arizona Rules of Civil Procedure, since service was by mail. We disagree.

Appellant, an employee of the Arizona Department of Corrections, was terminated from his employment on August 11, 1980. He appealed the termination and a hearing was held before a hearing officer of the Arizona State Personnel Board on October 7, 1980. Proceedings were concluded before the hearing officer on January 20, 1981, when he submitted additional findings of fact and a revised recommendation. The Arizona State Personnel Board entered its order on February 11, 1981, reinstating appellant to the position he held prior to his promotion and granting full back pay computed at the pre-promotion rate. The order was recorded on February 11, 1981, and a copy was mailed to appellant and his Arizona Public Employees Association representative on February 13, 1981. The appellant filed a notice of appeal from this order in the Pima County Superior Court on March 20, 1981. The superior court dismissed the appeal upon appellee's motion claiming that the notice of appeal was not timely within the provisions of A.R.S. § 41–785(D).

The time limits for filing an appeal from the final order of the Arizona State Personnel Board are set forth in A.R.S. § 41–785(D), which provides:

"Within 30 days after the recording of the order and the mailing thereof, the employee may appeal to the superior court of the county of residence on one or more of the following grounds ... "

Appellant argues that since the Arizona State Personnel Board recorded its order on February 11, 1981, and mailed it to him on February 13, 1981, under the period of time provided by A.R.S. § 41–785(D), the last day for filing the notice of appeal in the superior court was March 16, 1981. Appellant filed his notice of appeal on March 20, 1981, and submits that his time for filing was extended by Rule 6(e), Arizona Rules of Civil Procedure, which provides:

"*Additional time after service by mail* Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, five days shall be added to the prescribed period. This rule has no application to the mailing of a

**162**

notice of entry of judgment required by Rule 77(g)."

Thus, appellant contends, with the five days added to the period of appeal allowed when service is by mail, the last day for filing the notice of appeal was March 21, 1981, a Saturday. Rule 6(a), Arizona Rules of Civil Procedure, provides that if the last day of a period falls on Saturday, Sunday or a holiday, the period runs "until the end of the next day which is not a Saturday, a Sunday or a legal holiday." His position is that he had until March 23, 1981, within which to file his notice of appeal and it was therefore timely.

Time limits prescribed for an appeal from an administrative agency decision are jurisdictional in Arizona. *Hurst v. Bisbee Unified School Dist. No. 2*, 125 Ariz. 72, 607 P.2d 391 (App.1979). There, we held that the trial court had properly dismissed the appellant's appeal for lack of jurisdiction for failure to file the notice of appeal within the 30-day time prescribed by A.R.S. § 41–785(D). We stated:

> "Since the board's order was filed and mailed on June 21, 1978, the last day for filing the appeal with the superior court was July 21, 1978." 125 Ariz. at 74, 607 P.2d 391.

Rule 6(e), extends time after "service" upon a party. A.R.S. § 41–785(D) does not require service of the state personnel board's final order upon the appellant. The 30-day time period for filing a notice of appeal begins to run at once upon the recording and mailing of the final order. Since service was not required, Rule 6(e) does not operate to extend the time for filing a notice of appeal.

Affirmed.

HOWARD, C.J., and BIRDSALL, J., concur.