FREDRICKSON, Appellant v. KLUEVER, Respondent

(152 N.W.2d 346)

(File No. 10354. Opinion filed July 14, 1967)

**Davenport, Evans, Hurwitz & Smith, Carleton R. Hoy**, Sioux Falls, **Herrick, Ary & Cook,** Cherokee, Iowa, for plaintiff and appellant.

**Woods, Fuller, Shultz & Smith, Merle Johnson,** Sioux Falls, for defendant and respondent.

HANSON, Judge.

This action for personal injuries and property damage followed a collision of motor vehicles. The jury returned a verdict for defendant and plaintiff appeals.

Plaintiff, Russell Fredrickson, lives in Cherokee, Iowa. He is a cattle commission buyer for the Spencer Packing Company. His older brother, Eldon Fredrickson, lives on a farm nearby where he feeds cattle and trucks in partnership with his son.

On October 18, 1962, Russell, Eldon, Eldon's wife, and Henry Anderson left Cherokee to attend a cattle sale at Highmore, South Dakota. The purpose of the trip was to purchase cattle. Although plaintiff owned the 1960 Oldsmobile car used for the trip, Eldon drove as he was in the habit of doing whenever the brothers were together. They arrived in Highmore around noon. Eldon took his wife to Holabird to visit a sister and immediately returned to the sale barn. The afternoon was spent at the sale. No cattle were purchased. Eldon left the sale to get his wife and the party left Highmore about 5:30 or 6:00 o'clock in the evening. Eldon again drove with his wife riding in the front seat and Henry Anderson and plaintiff in the rear seat.

The defendant, Douglas Kluever, is a trucker from Bigelow, Minnesota. He was in Highmore on the day of the accident to truck cattle purchased by a Dale Robison. He drove a 1959 International semi-truck and trailer. After the cattle were loaded defendant started east on Highway 14, the same route plaintiff's car was traveling.

U. S. Highways 14 and 281 run together south of Wolsey for approximately three miles at which point 14 curves off east toward Huron and 281 continues straight south. The Fredrickson car followed defendant's truck through Wolsey. Somewhere south of town the Fredrickson car passed the truck. Eldon testified he was not familiar with the road and the intersections of Highways 14 and 281 was bigger than expected so he applied his brakes to prevent swerving. He didn't know anyone was behind him and did not observe the headlights from defendant's truck which collided with the rear end of the car.

According to defendant he had been proceeding south out of Wolsey between 50 and 55 miles per hour. As he approached the intersection in question he reduced his speed. Just before or right at the curve the Fredrickson car passed his truck. After passing, the driver of the Fredrickson car pulled back into the right lane and applied brakes. Defendant immediately applied his brakes, but was unable to avoid a collision.

Plaintiff was riding in the back seat of his car and was asleep at the time of the accident. He contends the negligence of the driver of his car could not be imputed to him as a matter of law and it was error to submit the issues of imputed contributory negligence and joint enterprise to the jury.

 Imputed negligence means that by some legal relationship existing between two or more persons the negligence of one is charged to another. It is applied to bar recovery of a master for the negligence of his servant and to bar recovery by members of a joint adventure or joint enterprise for the negligence of one member. Section 491 Restatement of Torts seemingly establishes a two-way test for determining when the contributory negligence of one member of a joint enterprise will be imputed to bar recovery of another member against third persons. It provides "Any one of several persons engaged in a joint enterprise, such as to make each member of the group responsible for physical harm to other persons caused by the negligence of any member, is barred from recovery against such other persons by the negligence of any member of the group."

■ A partnership is statutorily defined as an association of two or more persons to carry on as co-owners a business for profit. SDC 49.0201(1). This is ordinarily a formal association of a continuing nature for the conduct of a general business. Although a joint venture, or joint adventure as it is otherwise called, is sometimes compared to a partnership it is usually a less formal association entered into to perform a more limited business function for a more limited time. Fishback v. United States, D.C., 215 F.Supp. 621.

A "joint enterprise", on the other hand, is not easily defined. It is frequently used interchangeably with the term "joint adventure". In fact there is no significant difference. In Scheuring v. Northern States Power Co., 67 S.D. 484, 294 N.W. 175, this court said: "To constitute a joint enterprise there must be both a community of interest in the object and purpose of the undertaking in which the automobile is being driven and an equal right in the occupants to direct each other in relation to the management of the vehicle. Zeigler v. Ryan, 65 S.D. 110, 271 N.W. 767." The court went on to quote with approval from Farthing v. Hepinstall, 243 Mich. 380, 220 N.W. 708, as follows: "To constitute a joint enterprise between a passenger and the driver of an automobile, within the meaning of the law of negligence, there must be such a community of interest in its operation as to give each an equal right of control. There must be a common responsibility for its negligent operation, and there can be no common responsibility unless there is a common right of control. It must be held that the driver is acting as the agent of the other members of the enterprise. The rule of joint enterprise in negligence case is founded on the law of principal and agent. On no other theory could the negligence of the driver be imputable to a passenger. Being parties to the same enterprise, they are assumed to have common control and possession of the machine. Otherwise, each could not be charged with the negligence of the other."

■■ The elements necessary to constitute a joint enterprise are seldom found in purely social arrangements or matters of friendly accommodation between friends, neighbors, and relatives. As pointed out in Prosser, Law of Torts, 3rd Ed., p. 490 "it

is generally agreed that something more is required for a joint enterprise than the mere showing of a contract or agreement to travel together to a destination for a common purpose. Something in the nature of a common business, financial or pecuniary interest in the objective of the journey is said to be essential." The essential elements are generally considered to be: (1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose among the members; and (4) an equal right to a voice in the direction and control of the enterprise, which gives an equal right of control." Comment C under Sec. 491 Restatement of Torts. In general see 8 Am.Jur.2d, Automobiles and Highway Traffic, § 679, p. 230. Annos. 48 A.L.R. 1077; 63 A.L.R. 921; 80 A.L.R. 312; and 95 A.L.R. 857.

The evidence in the present action falls short of showing the Fredrickson brothers were involved in a joint enterprise on their cattle buying trip. Apparently they went to the livestock sale at Highmore to purchase cattle separately consequently the element of a common financial interest in the purpose of the trip is lacking.

Reversed.

All the Judges concur.