738 P.2d 1134

**STATE FARM AUTOMOBILE INSURANCE COMPANY, a foreign corporation, Plaintiff-Appellee,**

v.

**Donald R. DRESSLER; Jeffrey Shawn Smith and Vicki Dill Smith, aka Vicki Dills Smith, husband and wife, Defendants-Appellants.**

No. 1 CA–CIV 8896.

Court of Appeals of Arizona, Division 1, Department C.

Feb. 17, 1987.

Reconsideration Denied April 2, 1987.

Review Denied June 23, 1987.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P.C., by Ralph E. Hunsaker, Phoenix, for plaintiff-appellee.

Donald R. Dressler, in pro. per.

Rex Hill Decker, Chandler, and Robert T. Nall, Phoenix, for defendants-appellants Smith.

## OPINION

JACOBSON, Judge.

The issue in this case is whether a State Farm Automobile Insurance policy which specifically excludes coverage for a named individual, relieves State Farm from responsibility for an accident involving the excluded individual but where the action is against the named insured under a theory of negligent entrustment.

The pertinent facts are not in dispute. At some point before November 18, 1981 State Farm issued an automobile liability policy covering Donald R. Dressler as the named insured. State Farm later learned that Joyce M. Dressler, Donald Dressler's wife, had been convicted of driving while intoxicated. On November 18, 1981 State Farm informed Donald Dressler by letter that it would cancel or refuse to renew his policy unless he agreed to accept an endorsement in the following terms:

6023U DRIVER EXCLUSION ENDORSEMENT (Statutory)

In consideration of the premium at which the policy is written, the named insured agrees that the Company shall not be liable and no liability or obligation of any kind shall attach to the Company for losses or damage sustained while any motor vehicle insured hereunder is driven or operated by JOYCE DRESSLER.

The named insured further agrees that the Company shall not be liable and no liability or obligation of any kind shall attach to the Company for any negligence which may be imputed by law to the named insured arising out of the maintenance, operation or use of a motor vehicle by the person named above.

Donald Dressler agreed in writing to accept this endorsement.

On March 21, 1984 Joyce Dressler, while operating a 1984 Subaru owned by the Dresslers and covered by State Farm's policy, became involved in an automobile accident with appellants, Jeffrey and Vicki Smith. As a result of the accident appellants Smith and their insurer, Country Mutual Insurance Company, brought a negligence action (Maricopa County cause no. C–515189) against Joyce and Donald Dres-

sler. Count I of the complaint alleged a claim against Joyce Dressler for negligently injuring the Smiths. Count II alleged a claim against Donald Dressler for negligently entrusting his vehicle to his wife Joyce when he knew or should have known that she was "unfit, unsuitable and incompetent to operate a motor vehicle." In Count III Country Mutual sought to recover money it had paid the Smiths under their uninsured motorist and collision coverages. State Farm notified the parties that due to the Driver Exclusion Endorsement Donald Dressler had previously accepted as part of his automobile liability policy, State Farm had no liability or obligation of any kind arising out of the Smiths' and Country Mutual's claims.

To establish this contention, State Farm brought the instant action against the Dresslers, the Smiths and Country Mutual seeking a declaration that State Farm's automobile liability policy afforded no coverage for the Smiths' and Country Mutual's claims. On cross-motions for summary judgment, the trial court ruled for State Farm. In the judgment, entered January 21, 1986, the trial court stated:

The Court finds that there are no genuine issues of fact in dispute. The Court also finds and declares that the negligent entrustment and negligence claims being asserted by the Smiths against Defendants Donald Dressler and Joyce Dressler in C–515189 are not subject to coverage under the State Farm insurance policy issued to Defendant Donald Dressler as a matter of law. The Court further finds that any coverage for such claims against Defendants Donald and Joyce Dressler is excluded from coverage under the State Farm policy by the clear and express terms of the valid Driver Exclusion Endorsement executed by Defendant Donald Dressler on November 21, 1981, pursuant to the terms of A.R.S. 28–1170(b)(3) and by *Torrez v. State Farm Mutual Auto Insurance Company*, 130 Ariz. 223, 228 [635 P.2d 511] (Ct.App.1981).

By separate order the trial court awarded State Farm $2,661.50 as attorney's fees

pursuant to A.R.S. § 12–341.01. This timely appeal followed,[1] over which we have jurisdiction pursuant to A.R.S. § 12–2101(B).

As the trial court noted, this court's opinion in *Torrez* upheld the validity of exactly the same exclusion as is present here against a variety of attacks. The issue presented in this case, but not decided in *Torrez*, is whether the exclusion is permissible under the statute if interpreted to exclude the *direct* negligence of the named insured in allowing the specifically excluded driver to operate the insured vehicle. Appellants reason that although A.R.S. § 20–1631(C) permits an automobile liability insurer to exclude coverage for any negligence that "may be imputed by law" to the named insured resulting from an excluded person's operation of a motor vehicle, and that A.R.S. § 28–1170(B)(3) allows specified drivers to be excluded by name "as insured," neither § 20–1631(C) nor § 28–1170(B)(3) authorize the insurer to exclude coverage for a named insured's "independent liability" for his own "actual or direct negligence." They accordingly argue that State Farm's attempted exclusion of coverage for Donald Dressler's potential negligent entrustment liability was ineffective.

State Farm asserts that we previously resolved this issue in *Torrez v. State Farm Mutual Automobile Insurance Company*, 130 Ariz. 223, 635 P.2d 511 (App.1981). Even if *Torrez* is not controlling, State Farm asserts that liability for negligent entrustment does not necessarily arise out of the ownership, maintenance or use of a vehicle, and the Arizona Safety Responsibility Act accordingly permits the parties to exclude by mutual agreement the named insured's liability for negligently entrusting the insured motor vehicle. Finally, State Farm argues that appellants' construction of A.R.S. §§ 20–1631(C) and 28–1170(B)(3) is contrary to the purpose of both statutes.

As previously indicated, in our opinion *Torrez* did not resolve the issue presented here. *Torrez* only addressed the question of whether the language of State Farm's driver exclusion endorsement actually operated to exclude coverage of claims that arose from the named insured's negligently entrusting the insured vehicle to the named excluded driver. The court stated in pertinent part:

> The endorsement contains two paragraphs.... The first paragraph absolves appellee of liability for damages sustained while Brian is operating any *insured* vehicle. Since Brian was driving the insured Rambler at the time of the accident, appellee's liability is controlled by this paragraph which provides that appellee "shall not be liable and no liability or obligation *of any kind* shall attach to the company for losses or damage sustained" while Brian is operating an insured vehicle. Therefore, the exclusion is effective to absolve appellee of any liability arising from this accident. (emphasis in original)

130 Ariz. 223, 228, 635 P.2d 511, 516. In our opinion, the statement in *Torrez* that "the exclusion is effective to absolve appellee of any liability arising from this accident" refers only to an interpretation of the language of State Farm's driver exclusion endorsement, and not with a determination of the validity of that language under A.R.S. §§ 20–1631(C) and 28–1170(B)(3). Indeed, the opinion in *Torrez* nowhere purported to resolve or even discuss this issue.

█ State Farm argues, however, that because a defendant may negligently entrust a vehicle he neither owns, maintains nor uses, liability for negligent entrustment does not rest on the ownership, maintenance or use of a motor vehicle, and therefore A.R.S. § 28–1170(B)(2) does not require automobile liability policies to cover negligent entrustment claims against the named insured. State Farm's reasoning on this point is flawed. The fact that negligent entrustment liability is theoretically possible in a case where the defendant nei-

---

1. On June 18, 1986 this court dismissed Country Mutual's appeal in accordance with a stipulation between Country Mutual and State Farm. We note that the Dresslers have not filed a brief on appeal.

**530**

ther owned, maintained nor used the vehicle in question does not logically imply that liability for negligent entrustment of a vehicle can never arise out of the defendant's ownership, maintenance or use of such a vehicle. This very case is an obvious counterexample to the proposition State Farm urges. From the undisputed facts, Donald Dressler's potential liability for negligent entrustment in this case unquestionably arises out of the ownership and maintenance of the insured 1984 Subaru.[2] Accordingly, considered without regard to any exclusion that may be permitted under A.R.S. § 28–1170(B)(3), A.R.S. § 28–1170(B)(2) would require that State Farm's liability policy provide statutory minimum coverage for Donald Dressler's potential negligent entrustment liability.

We now turn to appellants' central contention on appeal—that even though State Farm's driver exclusion endorsement excluded coverage for Donald Dressler's potential liability for negligent entrustment as interpreted in *Torrez*, neither A.R.S. § 28–1170(B)(3) nor A.R.S. § 20–1631(C) actually authorize such an exclusion. A.R.S. § 28–1170(B) provides in pertinent part:

The owner's policy of liability insurance must comply with the following requirements:

\* \* \* \* \* \*

2.  It shall insure the person named in the policy as the insured and any other person, *as insured,* using the motor vehicle or motor vehicles with the express or implied permission of the named insured against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of the motor vehicle or motor vehicles within the United States or the Dominion of Canada. . . .

3.  It may by agreement in writing between any named insured and the insurer *exclude as insured* any person or persons designated by name

when operating a motor vehicle. (emphasis added.)

A.R.S. § 20–1631(B) provides in pertinent part:

[T]he company shall not exercise its right to cancel or fail to renew the insurance afforded under (insert coverages) unless:

\* \* \* \* \* \*

3.  The named insured, any person who resides in the same household as the named insured and customarily operates a motor vehicle insured under the policy or any other person who regularly and frequently operates a motor vehicle insured under the policy:

\* \* \* \* \* \*

(c) Is or has been convicted during the thirty-six months immediately preceding the effective date of the policy or during the policy period of:

\* \* \* \* \* \*

(ii) Operating a motor vehicle while in an intoxicated condition or while under the influence of drugs. (emphasis added.)

A.R.S. § 20–1631(C) provides:

The company shall not cancel or fail to renew the insurance when a person other than the named insured has violated subsection B, paragraph 3 if the named insured in writing agrees to *exclude as insured* such person by name when operating a motor vehicle and further agrees to exclude coverage to the named insured for any negligence *which may be imputed by law to the named insured* arising out of the maintenance, operation or use of a motor vehicle by such excluded person. (emphasis added)

We agree that A.R.S. § 28–1170(B)(3) can be read as authorizing the insurer to exclude coverage for personal liability incurred by a named excluded person, but not for personal or vicarious liability of the named insured arising out of the conduct of a named excluded person. Further, on its face A.R.S. § 20–1631(C) only permits the

---

**2.** There is some indication in the record that the 1984 Subaru is a community asset. It has not been argued and therefore we do not determine whether one member of a community may ever be guilty of negligent entrustment of a community asset to the other member of the community, who arguably has an unfettered right to its use without any further "entrustment".

insurer to exclude coverage for negligence "imputed by law" to the named insured arising out of the maintenance, operation or use of a motor vehicle by the named excluded person. As appellants point out, liability for negligent entrustment is based in part on a defendant's personal fault and is not "imputed" [3] to him as a result of some other person's actions. *Lutfy v. Lockhart*, 37 Ariz. 488, 295 P. 975 (1931). A.R.S. § 20–1631(C) can thus be read as containing no authorization for an insurer to exclude coverage for the personal liability of a named insured who negligently entrusts a motor vehicle to a person specifically excluded from coverage.

■ While such an interpretation is theoretically possible, we are bound to construe statutes "liberally" "to effect their objects and to promote justice." A.R.S. § 1–211(B). Statutes are not to be interpreted woodenly and without regard for their aim. *State ex rel. Corbin v. Pickrell*, 136 Ariz. 589, 667 P.2d 1304 (1983). If a literal interpretation of statutory language leads to an absurd result, the court has a duty to construe it, if possible, so that it is reasonable and workable. *In re Marriage of Gray*, 144 Ariz. 89, 695 P.2d 1127 (1985); *Hurst v. Bisbee Unified School District No. 2*, 125 Ariz. 72, 607 P.2d 391 (App. 1979); *Anderson v. Southwest Savings and Loan Association*, 117 Ariz. 246, 571 P.2d 1042 (App.1977). A practical construction of a statute is preferred to one which is absurd, and practical construction is required if a technical construction would lead to mischief or absurdity. *State v. LeMatty*, 121 Ariz. 333, 590 P.2d 449 (1979). In interpreting statutes it is the spirit of the law that prevails. *Navajo Tribe v. Arizona Department of Administration*, 111 Ariz. 279, 528 P.2d 623 (1974).

■ In the instant case appellants urge a technical interpretation of A.R.S. §§ 20–1631(C) and 28–1170(B)(3) that contravenes the statute's obvious intent. Both provisions grew out of a single Free Joint Conference Committee report concerning H.B. 2208, dated May 12, 1972. *See* Laws 1972, ch. 157 §§ 2, 9; *Journal of House of Representatives*, 30th Arizona Legislature, 1st Sp.Sess. & 2d Reg.Sess. (1971–72) at 1247–49. Considered as a whole, both provisions reflect the Legislature's perception that where an automobile liability insurer's risk in providing omnibus coverage for accidents arising from a particular person's driving becomes so unacceptable that the insurer would be justified in refusing to sell the named insured any coverage at all, it is nevertheless in the best interests of the parties and the public to require the insurer to continue liability coverage on the express condition that the named insured agree the insurer will not be liable for any claims based on conduct of the unacceptable driver. Given this self-evident rationale, it is inconceivable that the legislature would purposely enact statutory language that authorized the insurer to exclude coverage for personal liability incurred by the unacceptable driver and to exclude vicarious liability incurred due to the unacceptable driver's conduct, but not to exclude coverage for the named insured's personal liability for negligently entrusting a vehicle to the same unacceptable driver.[4] Accordingly, we hold that State Farm's driver exclusion endorsement validly insulated State Farm from any liability or obligation under appellant Donald Dressler's automobile liability policy for any claim generated as a result of Joyce Dressler's operating the insured vehicle.

■ We lastly consider Smiths' contention that the trial court abused its discretion in awarding attorney's fees against

---

**3.** *Black's Law Dictionary* (4th ed. 1957) states: IMPUTED NEGLIGENCE. Negligence which is not directly attributable to the person himself, but which is the negligence of a person who is in privity with him, and with whose fault he is chargeable. *Smith v. Railroad Co.*, 38 N.Y.S. 666, 4 App.Div. 493.
*Id.* at 891. *Accord Seward v. Griffin*, 116 Ill. App.3d 749, 452 N.E.2d 558 (1983); *Fredrickson*

*v. Kluever*, 82 S.D. 579, 152 N.W.2d 346 (1967). *See Webster's New Collegiate Dictionary* (G & C Merriam Co., 1980) at 573.

**4.** Obviously, the legislature did not intend to exclude all negligent entrustment. Thus, the named insured's liability and the policy's coverage remains intact for negligent entrustment to others than the unacceptable driver.

them under A.R.S. § 12–341.01. They note that the record does not explicitly reflect that the trial court reviewed the relevant factors our supreme court identified in *Associated Indemnity Corp. v. Warner*, 143 Ariz. 567, 694 P.2d 1181 (1985), and that they themselves were involved in the litigation only because they were injured by State Farm's insured. They also appear to argue that A.R.S. § 12–341.01(A) was inapplicable because the issues they raised arose more from tort liability than from contract.

In response State Farm notes that *Warner* did not hold that a trial court's failure to state reasons for its ruling on an application for a discretionary award of attorney's fees amounts to an abuse of discretion. State Farm further urges that the trial court's decision to award attorney's fees was within its discretion given the circumstances of this case and the relevant factors established by *Warner*.

We conclude that the trial court did not abuse its discretion in awarding attorney's fees against appellants Smith. Although resolving the coverage question required the trial court to consider the nature of the tort claim of negligent entrustment, the requisite "causal link" between this litigation and the underlying insurance contract plainly existed. *Marcus v. Fox*, 150 Ariz. 333, 723 P.2d 682 (1986). State Farm was accordingly eligible for an award of attorney's fees under A.R.S. § 12–341.01(A). Further, though we interpret *Torrez v. State Farm Mutual Auto Insurance Co.*, *supra*, differently than did the trial court, the trial court could reasonably have viewed that case as conclusively adverse to the Smith's position. In addition, there is nothing in the record of which we are aware that would have required the trial court to conclude that assessing fees against appellants Smith would cause them extreme hardship. As our supreme court stated in *Associated Indemnity Corp. v. Warner, supra*:

> In reviewing the exercise [of the trial court's discretion under A.R.S. § 12–341.-01(A) ] it is well for an appellate court to remember:

> [T]he question is not whether the judges of this court would have made an original like ruling, but whether a judicial mind, in view of the law and circumstances, could have made the ruling without exceeding the bounds of reason. We cannot substitute our discretion for that of the trial judge.

> *Davis v. Davis*, 78 Ariz. 174, 179, 277 P.2d 261, 265 (1954) (Windes, J., specially concurring).

143 Ariz. 567, 571, 694 P.2d 1181, 1185. The trial court did not abuse its discretion in awarding attorney's fees against appellants Smith.

State Farm has requested an award of attorney's fees on appeal pursuant to A.R.S. § 12–341.01. Based on our review of the record and the briefs, we find no evidence that appellants' defense constituted harassment, was groundless or was made other than in good faith. We accordingly deny attorney's fees under A.R.S. § 12–341.01(C).

We have already held, *supra*, that the requisite "causal link" exists between State Farm's claim and the underlying insurance contract, and that State Farm is legally eligible for an award of fees under A.R.S. § 12–341.01(A). Nevertheless, in view of our analysis of the merits herein, we deny attorney's fees on appeal in the exercise of our discretion under that subsection.

Affirmed.

SHELLEY, P.J., and TAYLOR, J., concur.

Note: The Honorable JOHN TAYLOR, Navajo County Superior Court Judge, was authorized to participate by the Chief Justice of the Arizona Supreme Court, pursuant to Arizona Const. Art. VI, § 3.