791 P.2d 369

**PEOPLE OF FAITH, INC., an Arizona nonprofit corporation, Plaintiff–Appellant,**

v.

**ARIZONA DEPARTMENT OF REVENUE, an agency of the State of Arizona, Defendant–Appellee.**

**No. 1 CA–TX 89–004.**

Court of Appeals of Arizona, Division 1, Department T.

April 24, 1990.

Ryley, Carlock & Applewhite, P.A. by William E. Farrell, Clarke H. Greger and Mark V. Scheehle, Phoenix, for plaintiff-appellant.

Robert K. Corbin, Atty. Gen. by William D. Hostetler and J. Scott Halverson, Asst. Attys. Gen., Phoenix, for defendant-appellee.

## OPINION

GERBER, Judge.

The taxpayer, People of Faith, Inc., has brought this appeal from a written opinion of the Arizona Tax Court granting appellee Arizona Department of Revenue's motion for partial summary judgment. For reasons which follow we dismiss the appeal.

The taxpayer is an Arizona non-profit corporation licensed by the State to operate a 100–bed nursing care facility. Pursuant to Arizona Administrative Code (A.A.C.) R15–5–2320(C), the taxpayer regularly obtained tax exempt status from the Department for "purchases made by licensed nursing care and residential care institutions, the primary usage of which is to provide medical services, nursing services, or health related services...." A.A.C. R15–5–2320(B).

During the period from December 1, 1982 through June 30, 1986, the taxpayer employed Mardian Construction Company to construct the Royal Oaks Life Care Center (Royal Oaks) in Sun City, Arizona, consisting of a 100–bed licensed nursing care facility, a 249–unit residential complex and 100 garden homes. Pursuant to the taxpayer's authorization, Mardian used the taxpayer's exemption as a licensed nursing care institution to obtain all the building materials for the entire project, including those not incorporated into the nursing care facility, without paying state transaction privilege (sales) taxes. *See* A.A.C. R15–5–1821(B) (exemption of sales to licensed nursing care institutions from transaction privilege tax).

The Department audited the taxpayer for the period during which Royal Oaks was constructed, ultimately assessing it $524,032.69 for unpaid use taxes, $52,403.27 for late payment penalties and $185,154.16 for interest. The Department claimed that the taxpayer's sales and use tax exemptions as a "licensed nursing care institution" extended only to its purchases of personal property used to construct the nursing care portion of the facility. The taxpayer asserted that its exemptions extended to its purchases of building materials for the entire Royal Oaks project, and that it owed no use taxes at all.

After exhausting its administrative remedies, the taxpayer commenced the instant litigation by filing a complaint pursuant to A.R.S. § 42–124(B) alleging three distinct claims: (1) that by virtue of the taxpayer's status as a licensed nursing care institution, all its purchases of personal property in connection with the construction of Royal Oaks were exempt from use taxes pursuant to A.A.C. R15–5–2320(B); (2) that in any event none of the purchases it made from vendors in Arizona was subject to use taxation, and (3) that the Department had incorrectly assessed late payment penalties in connection with the alleged deficiencies.

The taxpayer's ensuing motion for partial summary judgment on count 2 sought a determination that, of the purchases assumed to be non-exempt under A.A.C. R15–5–2320(B), only the purchases that had been made from vendors located outside Arizona were subject to Arizona use tax.

The Department then filed a cross-motion for partial summary judgment alleging that in-state purchases are subject to use taxes. After this issue was fully briefed and argued, the tax court filed an opinion denying the taxpayer's motion and granting the Department's cross-motion for partial summary judgment. Invoking A.R.S. § 12–171,[1] the tax court ordered its opinion published. *See People of Faith Inc. v. Arizona Dept. of Revenue*, 161 Ariz. 514, 779 P.2d 829 (Tax Ct.1989). The tax court made no finding pursuant to, Rule 54(b), Arizona Rules of Civil Procedure.[2] The two other claims remain pending in the court.

Two weeks after the tax court filed the opinion, the taxpayer filed a notice of appeal from the court's denial of its motion for partial summary judgment and its grant of the Department's cross-motion for summary judgment.

The Department argues in its answering brief that this court lacks appellate jurisdiction because the tax court did not decide all the taxpayer's claims for relief and made no express determination pursuant to Rule 54(b) that there was no just reason for delaying the entry of judgment. In its reply brief, the taxpayer argues that A.R.S. § 12–170 provides independent stat-

utory authorization for an appeal from an interlocutory judgment of the tax court. The taxpayer contends that pursuant to A.R.S. § 12–166,[3] A.R.S. § 12–170 removes decisions of the tax court from the requirements of Rule 54(b) for purposes of appealability.

■ Absent a pertinent provision in the Arizona Constitution, the right to appeal exists only when it is specifically given by statute. *Musa v. Adrian*, 130 Ariz. 311, 636 P.2d 89 (1981); *Pima County v. State Dept. of Revenue*, 114 Ariz. 275, 560 P.2d 793 (1977). The statute that empowers this court to hear appeals is A.R.S. § 12–2101. Section 12–2101(A) provides:

> An appeal may be taken to the court of appeals from the superior court in the instances specified in this section.

The only subsection of § 12–2101 that could possibly authorize this appeal is subsection (B), which provides:

> From a *final judgment* entered in an action or special proceeding commenced in a superior court, or brought into a superior court from any other court, except in actions of forcible entry and detainer when the annual rental value of the property is less than three hundred dollars.

(Emphasis added.)

■ Rule 54(b) controls the "finality" of a judgment rendered in an action in which multiple claims are asserted. *Pulaski v. Perkins*, 127 Ariz. 216, 619 P.2d 488 (App. 1980). This court recently stated in *Sisemore v. Farmers Ins. Co. of Arizona*, 161

---

1. A.R.S. § 12–171 provides:
   Decisions of the tax court which the court finds are of general public interest shall be published and distributed in the same manner as provided for the publication and distribution of the opinions of the supreme court.

2. Rule 54(b) provides:
   When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the

entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

3. A.R.S. § 12–166 provides:
   *Except as provided in this article,* proceedings in the tax court shall be governed by the rules of civil procedure in the superior court.
   (Emphasis added.)

Ariz. 564, 565, 779 P.2d 1303, 1304 (App. 1989):

> Multiple claims for relief exist when the facts give rise to more than one legal right or cause of action. The determination rests on whether the different claims could be separately enforced.

(Citations omitted.)

In this case, the taxpayer clearly asserted multiple claims for relief. Its complaint stated three distinct, independently enforceable claims. The tax court's opinion resolved only the second of these claims. It made no determination pursuant to Rule 54(b). Therefore, its judgment in this case is not "final" and not appealable under A.R.S. § 12–2101(B).

■ We have recognized, however, that the appealability of an interlocutory order does not depend on the making of Rule 54(b) findings if a statute renders the order substantively appealable. *Bulova Watch Co. v. Super City Dept. Stores of Ariz.*, 4 Ariz.App. 553, 422 P.2d 184 (1967) (order refusing preliminary injunction appealable without Rule 54(b) findings under A.R.S. § 12–2101(F)(2), which authorizes an appeal from an order granting or refusing an injunction). The taxpayer contends that the tax court's ruling is substantively appealable under A.R.S. § 12–170, which provides:

> A. The tax court, except when it is sitting as a small claims tax court, shall render its decision in writing and, on its own motion or at the request of a party, include a concise statement of the facts found and the conclusions of law reached by the court.
> B. In its judgment the court shall grant the relief, invoke the remedies and issue any orders which are appropriate to its decision.

> C. The judgment is final unless within thirty days after the entry of the judgment a notice of appeal is filed with the clerk of the tax court. The appeal shall be heard by a department of division 1 of the court of appeals designated by the chief judge of the division pursuant to § 12–120.04.

We do not interpret § 12–170(C) as granting a substantive right to appeal every ruling made by the tax court. The text of § 12–170 refers to the "decision" or "judgment" of the tax court only in the singular. Use of the singular suggests that the legislature's focus was on the tax court's final, dispositive ruling on the entire case rather than on interlocutory orders entered midway in the litigation. Further, the initial sentence of § 12–170(C), which the taxpayer reads as creating a substantive right of appeal, conveys no such meaning. That sentence states: "The judgment is final unless within thirty days after the entry of the judgment a notice of appeal is filed with the clerk of the tax court." Unlike A.R.S. § 12–2101(F), this provision does not authorize a right of appeal that did not exist before but confirms that the procedures for appealing final judgments under A.R.S. § 12–2101(B) also apply to judgments entered by the tax court. It also emphasizes that a final judgment of the tax court becomes absolute and unreviewable if no notice of appeal is filed within the 30 days following its entry. *See* Rules 8 and 9, Arizona Rules of Civil Appellate Procedure.[4]

We also note that A.R.S. § 12–120.04(G)[5] does not indicate that § 12–170 was intended to create any new substantive right of appeal. The language "authorized by § 12–170" in § 12–120.04(G) is most reasonably interpreted as a reference to the sec-

---

4. We do not view this interpretation as inconsistent with the general rule that "[s]tatutes will be interpreted whenever possible so that no clause, sentence or word is rendered superfluous, void, contradictory or insignificant." *Prairie State Bank v. I.R.S. of Treasury Dept.*, 155 Ariz. 219, 224, 745 P.2d 966, 971 (App.1987). It is simply not possible to interpret the statutory language otherwise without running afoul of the principle that requires us to avoid constructions that "would lead to mischief or absurdity."

*State Farm Auto. Ins. Co. v. Dressler*, 153 Ariz. 527, 531, 738 P.2d 1134, 1138 (App.1987).

5. A.R.S. § 12–120.04(G) provides:
> The chief judge of division 1 shall designate one department to hear and determine all appeals authorized by § 12–170. This department may also hear and determine other matters assigned to it by the chief judge.

ond sentence of § 12–170(C), which establishes a new procedural system under which tax appeals are channeled for consideration and decision to a single department of Division One of the Court of Appeals.

Our interpretation of A.R.S. § 12–170(C) is supported by a still more compelling analysis. Our supreme court stated in *Barassi v. Matison*, 130 Ariz. 418, 636 P.2d 1200 (1981):

> The underlying rationale of requiring a final judgment for appealability is to avoid the constant disruption of the trial process, to prevent appellate courts from considering issues that may be addressed later in trial, and to promote efficiency, that is, encourage the consolidation in one appeal of all error a litigant feels transpired during the trial.

*Id.* 153 Ariz. at 421, 636 P.2d at 1203. The supreme court has also stated:

> Public policy is against deciding cases piecemeal. [Citations omitted.] The rule against piecemeal appeals recognizes that an appellant may ultimately prevail on the complete action, rendering interlocutory appellate determinations unnecessary.

*Musa v. Adrian, supra* 130 Ariz. at 312, 636 P.2d at 90. The taxpayer's broad interpretation of A.R.S. § 12–170 would directly contravene this policy. For example, if we adopted the taxpayer's view, this court would be required to consider and resolve the merits of an issue that might well be rendered entirely academic through later resolution of the remaining issues. This wasteful and disruptive consequence surely could not have been what the legislature contemplated. Moreover, as interpreted by the taxpayer, § 12–170 would permit appeals from orders denying motions for summary judgment, orders compelling discovery, orders sustaining claims of privilege, orders denying motions to dismiss for failure to state a claim, and many other interlocutory orders that would otherwise be non-appealable. We will not infer from § 12–170 a legislative intent to expand the class of appealable orders without limit contrary to our settled policy against piecemeal appeals.

Finally, while the tax court has the authority to publish its decisions, in order to give effect to these policy considerations and to comply with our construction of A.R.S. § 12–170, we encourage the tax court to refrain from publishing its decisions until they are final and appealable.

In conclusion, A.R.S. § 12–170 creates no general right of appeal from interlocutory orders of the tax court. Because the interlocutory ruling appealed in this case was entered without Rule 54(b) compliance, it does not constitute a final judgment appealable under A.R.S. § 12–2101(B). The appeal is therefore dismissed for lack of jurisdiction.

JACOBSON, P.J., and FIDEL, J., concur.