51 F.3d 284
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES FIDELITY & GUARANTY COMPANY, a Maryland
corporation, Plaintiff-Appellant,
v.
John B. RIGGS, Jennifer J. Riggs; Imperial Casualty and
Indemnity Company, a foreign corporation,
Defendant-Appellee.
 No. 93-16621.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 17, 1995.
Decided March 24, 1995.
 
 Before: FLETCHER, PREGERSON and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I. Negligence
 
 2
 There is no need to repeat the stipulated facts. As a matter of law we conclude that it was foreseeable that when Riggs, as an architect, put the opening in the floor without designing a proper cover or guardrail, that someone would fall through the opening and sustain injury. Thus, we conclude that Riggs as an architect was negligent.
 
 II. Allocation and Prejudgment Interest
 
 3
 We remand this matter to the district court for further proceedings to allocate responsibility between Riggs as an architect and Riggs as a homeowner. As damages have not been allocated between the defendants, prejudgment interest does not obtain.
 
 III. Attorney's Fees
 
 4
 Both USF & G and Imperial request attorney's fees incurred in pursuing the claim in the district court and on appeal pursuant to Ariz.Rev.Stat. section 12-341.01(A). Section 12-341.01(A) applies to cases arising out of contract.[1] This case is an insurance contribution action. USF & G and Imperial insure Riggs as a homeowner and as a professional, respectively. USF & G settled a tort claim brought against Riggs for his negligence as a homeowner and as a professional. Imperial refused to contribute to the settlement and USF & G filed this claim. The issue in this case, therefore, is Imperial's policy coverage.
 
 
 5
 The district court originally granted Imperial summary judgment on the basis that Imperial's policy excluded coverage for the tort claim. On appeal, however, this court found that the policy did not exclude coverage and remanded the case to the district court to determine whether Riggs had been negligent in his professional capacity, and, if necessary, for a determination of the liability. On remand, the district court found that Riggs was not professionally liable for the tort and therefore, that Imperial did not have to contribute to the settlement. On this subsequent appeal we find as a matter of law that Riggs, as the architect was professionally liable, and we remand to apportion liability.
 
 
 6
 At issue in this case is Imperial's policy coverage; that is, Imperial's contractual obligation to cover Riggs' professional liability. In Marcus v. Fox, 723 P.2d 682, 684 (Ariz.1986), the Arizona Supreme Court, sitting en banc, ruled that while "attorney's fees are not appropriate based on the mere existence of a contract somewhere in the transaction," the case still "arises out of contract" under the meaning of section 12-341.01(A) if there is a causal link between the claim and the contract. Here, USF & G brought the claim to determine Imperial's contractual obligation to contribute to the settlement of the tort claim. Because there is a direct link between the contract and the action, section 12-341.01(A) applies.
 
 
 7
 Moreover, in State Farm Automobile Ins. Co. v. Dressler, 738 P.2d 1134 (Ariz.Ct.App.1987), a declaratory judgment action regarding the insurer's coverage of the insured's negligence, the court ruled that the requisite "causal link" between the underlying insurance contract and the litigation existed and that attorney's fees could therefore be awarded under section 12-341.01(A). Similarly, in Nationwide Mutual Ins. v. Granillo, 573 P.2d 80 (Ariz.Ct.App.1977), the court ruled that the declaratory judgment action to determine the insurance policy coverage "arose out of contract" within the meaning of section 12-341.01(A).
 
 
 8
 The claim before us was brought to determine whether Imperial was contractually obligated to cover Riggs' professional negligence in his own home. In order to determine Imperial's contractual obligation, the court had to address the tort claim. "Although resolving the coverage question required the ... court to consider the nature of the tort claim ... the requisite 'causal link' between this litigation and the underlying insurance contract plainly existed." Dressler, 738 P.2d at 1139 (citing Marcus, 723 P.2d 682 (Ariz.1986)). Moreover, under Arizona law, the parties to this suit need not have been the parties to the contract. See O'Keefe v. Grenke, 825 P.2d 985, 996 (Ariz.Ct.App.1992); Dressler, 738 P.2d at 1139; Granillo, 573 P.2d at 85-86. Therefore, although Imperial and USF & G were not parties to the contract, section 12-341.01(A) applies to this action.
 
 
 9
 Under section 12-341.01(A), the court has the discretion to grant reasonable attorney's fees to the successful party, in any contested action arising out of a contract. See Deutsche Credit Corp. v. Case Power & Equip. Co., 876 P.2d 1190, 1199 (Ariz.Ct.App.1994). The court considers six factors when determining whether to grant attorney's fees.
 
 
 10
 1. The merits of the claim or defense presented by the unsuccessful party.
 
 
 11
 2. Whether the litigation could have been avoided or settled and the successful party's efforts were superfluous in achieving the result.
 
 
 12
 3. Whether assessing fees against the unsuccessful party would cause an extreme hardship.
 
 
 13
 4. Whether the successful party prevailed with respect to all relief sought.
 
 
 14
 5. The novelty of the legal question presented, and whether such claim or defense had previously been adjudicated in this jurisdiction.
 
 
 15
 6. Whether the award in any particular case would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorney's fees.
 
 
 16
 See Associated Indem. Corp. v. Warner, 694 P.2d 1181, 1184 (Ariz.1985).
 
 
 17
 Under Arizona law, parties that fail to request an award of attorney's fees in the trial court are precluded from later recovering for fees incurred in the trial court. See Lacer v. Navajo County, 687 P.2d 400, 403 (Ariz.Ct.App.1984). Because the district court's opinions, the earlier opinion of this court, and the parties' briefs fail to indicate that the parties requested fees at the district court level, they are precluded from recovering for fees incurred at the trial level.
 
 
 18
 However, we must address whether USF & G, the successful party, can recover fees for the cost of this appeal. See Lozier v. Auto Owners Ins. Co., 951 F.2d 251, 256 (9th Cir.1992); Wenk v. Horizon Moving & Storage Co., 639 P.2d 321, 322 (Ariz.1982). Once this court remanded the case for a determination of Riggs' professional negligence, it was clear that Imperial would have to contribute to the settlement of the tort claim. USF & G, therefore, is entitled to reasonable attorney's fees for this appeal.
 
 IV. Conclusion
 
 19
 The judgment is reversed and the case is remanded to the district court for a determination of liability between Riggs in his capacity as a homeowner and as a professional, and to determine reasonable attorney's fees for this appeal under Ariz.Rev.Stat. section 12-341.01(A).
 
 
 20
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 12-341.01(A) states: "In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney's fees." Ariz.Rev.Stat. Sec. 12-341.01(A)